UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| ASH-LYNN SINGLETON<br><br>                     Plaintiff(s),<br><br>   -v.-<br><br>MAURY COBB ATTORNEY AT LAW, LLC,<br><br>                     Defendant. | **Civil Action No:**<br><br>**COMPLAINT** |

Plaintiff Ash-lynn Singleton ("Plaintiff" or "Singleton") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Maury Cobb Attorney at Law, LLC ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Florida, County of Miami-Dade, residing at 2750 NW 155th Terrace, Opa Locka, FL 33054.

3. Defendant is a debt collector with a mailing address of 301 Beacon Parkway West Suite 100, Birmingham, AL 35209.

4. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around January 5, 2017, Defendant sent Plaintiff an initial collection letter.

### *Violation I*

11. The first paragraph of the letter states "The account shown here is unpaid and has been placed with this office for collection"

12. The letter is signed by Maury Cobb, Esq..

13. Upon information and belief, and according to the Florida Bar database, Maury Cobb is not a licensed attorney in the State of Florida.

14. The January 5, 2017 is a form letter which Defendant has not reviewed before signing in violation of the FDCPA.

15. Defendant has not personally reviewed Plaintiff's Alleged Debt account before signing and sending the collection letter.

16. The letter fails to state that "no attorney has reviewed this letter" and that Defendant is "acting solely as a debt collector" which is deceptive and misleading to the least sophisticated consumer who, on receipt of this letter, would believe they could be sued by Defendant on the Alleged Debt.

17. Plaintiff beleieved she was going to be sued by Defendant and felt pressure to pay the debt to avoid a lawsuit even though Defendant had no legal authority to sue her.

18. As a result of Defendant's unfair, misleading and deceptive practices, Plaintiff has been harmed.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f .

21. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ash-lynn Singleton demands judgment from the Defendant Maury Cobb Attorney at Law, LLC, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
March 30, 2017

*/s Michael Jay Ringelheim*
Michael Jay Ringelheim, Esq.
**RC Law Group, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Tel. 201-282-6500 ext. 101
Fax 201-282-6501
mjringelheim@rclawgroup.com
*Attorneys for Plaintiff*